UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIM WESLEY DAVIS, 793224, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-2229-B |
| | ) | 3:08-CR-0036-B |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Motion to Vacate, Set-Aside, or Correct Sentence pursuant 28 U.S.C. § 2255 (doc. 54, 3:08-CR-0036-B) (doc. 1, 3:09-CV-2229-B). For the reasons that follow, the Court DENIES the motion.[1]

### I.

### PROCEDURAL BACKGROUND

On April 18, 2008, Petitioner pled guilty to two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Under a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), Petitioner agreed to a term of thirty-two years imprisonment and five years supervised release. On August 7, 2008, the Court accepted the plea agreement, imposed the agreed sentenced, and ordered Petitioner to pay $19,168 in restitution. On August 18, 2009, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous. *United States v. Davis*, 333 Fed. Appx. 866 (5th Cir. 2009).

---

[1] This motion was automatically referred to the Magistrate Judge pursuant to Special Order 3-251. The Court VACATES the automatic referral for the purpose of this case.

On November 20, 2009, Petitioner filed this § 2255 petition. He argues he received ineffective assistance of counsel. On February 10, 2010, Respondent filed its Response. On March 10, 2010, Petitioner filed a reply.

## II.

## DISCUSSION

1.  Ineffective Assistance of Counsel

Petitioner claims his counsel was ineffective, which rendered his guilty plea involuntary. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance

of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. at 206 (citing *Hill*, 474 U.S. at 56-58).

    A.    Trial Counsel

Petitioner argues his trial counsel was ineffective because counsel failed to tell him that he could advise the Court regarding his serious medical condition and life expectancy in prison, and he could have his doctor, Doctor Levy, testify as an expert regarding his medical condition. Petitioner states that an expert would have testified that he could not receive the required medical treatment in prison.

The record shows, however, that the Court was fully informed of Petitioner's medical condition. During the rearraignment hearing, Petitioner informed the Court that his life expectancy was five to seven years because of his liver transplant. (Rearraignment Tr. at 7.) The Court stated it was aware of Petitioner's liver transplant and had read the doctor letters submitted by Petitioner (*Id*. at 20.) Additionally, during the sentencing hearing, Petitioner again informed the Court of his medical condition. (Sent. Tr. at 6-7; 9-11.) Petitioner also stated the agreed upon plea sentence would be a death sentence for him because he would not survive long in prison due to his medical condition. (*Id*. at 10-11.) The Court stated, "I understand your condition and don't take it lightly." (*Id*. at 15.) Additionally, Petitioner submitted a letter from Dr. Levy regarding his condition. (Sent. Defense Ex. 1.) The Court was therefore fully informed of Petitioner's medical condition before

Page 3

sentencing. Petitioner has failed to show his counsel was deficient and that he suffered the required prejudice.

B. Appellate Counsel

Petitioner states that after sentencing, he hired a different defense attorney who promised to file a motion for reduction of sentence based on Petitioner's medical condition, but counsel failed to do so. He also argues that his appointed appellate counsel failed to raise his medical claims on appeal and instead filed an *Anders* brief. Petitioner claims he therefore received ineffective assistance of counsel from both of these attorneys.

As discussed above, however, the Court was fully informed of Petitioner's medical condition. There was no nonfrivolous basis for filing a motion to reduce sentence, or for filing an appeal.

2. Guilty Plea

Petitioner argues his guilty plea was not knowingly and voluntarily entered. The record shows the Court questioned Petitioner at length regarding his guilty plea. Petitioner stated he fully understood the terms of his plea agreement. (Rearraignment Tr. at 6). He stated he was pleading guilty freely and voluntarily because he was guilty and for no other reason. (*Id.* at 11.) Petitioner stated he understood that under the plea agreement, he would be sentenced to thirty-two years confinement. (*Id.* at 15.) The Court finds Petitioner's guilty plea was knowingly and voluntarily entered.

3. Concurrent Sentences

Petitioner argues his appellate counsel was ineffective because he failed to argue that Petitioner's federal sentence should run concurrently with his state sentence. In this case, the Court ordered that Petitioner's federal sentence be served consecutively to his state sentences. (Sent. Tr.

at 13-14.) A district court has the discretion to sentence a defendant consecutively to a state sentence not yet imposed. *United States v. Brown*, 920 F.2d 1212 (5th Cir. 1991), abrogated on other grounds, *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). In this case the Court considered the factors in 18 U.S.C. § 3553 and determined the sentences should run consecutively. Petitioner has failed to show an abuse of discretion. He has also failed to show his counsel was constitutionally ineffective for failing to raise this claim on appeal. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating defense counsel is not required to make frivolous motions).

### III.
### CONCLUSION

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

Signed this 12th day of January, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE